IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUDMYLA SKORYCHENKO CARLBORG,

                                                               ORDER

         Plaintiff,

                                                            10-cv-187-bbc

    v.

ERNEST TOMPKINS,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action for monetary relief, plaintiff Ludmyla Skorychenko Carlborg contends that defendant Ernest Tompkins has violated his obligation to support her pursuant to the Immigration and Naturalization Act, 8 U.S.C. § 1183a. Defendant has filed an answer and two counterclaims against plaintiff, alleging that (1) plaintiff is working and receives benefits that provide her an income at least 125% of the federal poverty guidelines and (2) plaintiff engaged in fraud, deception and deceit in her marriage to defendant. At the preliminary pretrial conference on June 4, 2010, Magistrate Judge Crocker told plaintiff that she must respond to defendant's counterclaims by June 14, 2010. Dkt. #9. That deadline has passed and plaintiff has not filed an answer or other responsive pleading. Instead, plaintiff has filed a motion for summary judgment, dkt. #10, in which she contends that

1

there are no genuine issues of fact that preclude summary judgment on her claim regarding the I-864 affidavit of support.  However, her motion is not an answer or responsive pleading, does not address defendant's counterclaims and would not resolve all of the issues in the case.

There can be negative consequences to a party who fails to respond to a claim against them, such as a motion to enter default and default judgment.  Fed. R. Civ. P. 55.  Thus, I will provide plaintiff one more opportunity to respond to defendant's counterclaims.  I note that although defendant has filed two counterclaims, his first counterclaim in which he alleges that "plaintiff is working and receives benefits . . ." is actually a defense to plaintiff's claim and not a counterclaim that requires response.  Defendant's second counterclaim for fraud, however, is a claim that must be answered.  Plaintiff may have a 14-day extension of time within which to file an answer or motion to dismiss defendant's counterclaim for fraud.

ORDER

IT IS ORDERED that plaintiff Ludmyla Skorychenko Carlborg may have until July

6, 2010 to file a responsive pleading to defendant Ernest Tompkins's counterclaim for fraud.

Entered this 24th day of June, 2010.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge