IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUDMYLA SKORYCHENKO CARLBORG,

Plaintiff,

ORDER

10-cv-187-bbc

v.

ERNEST TOMPKINS,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for monetary relief, plaintiff Ludmyla Skorychenko Carlborg contends that defendant Ernest Tompkins has violated his support obligation under the Immigration and Naturalization Act, 8 U.S.C. § 1183a. Plaintiff has filed a motion for summary judgment, dkt. #10, in which she contends that there are no genuine issues of fact that preclude summary judgment on her claim regarding the I-864 affidavit of support. Defendant has responded to plaintiff's motion, contending that there are several disputes that make summary judgment improper, including plaintiff's income and assets, whether plaintiff is properly mitigating her damages by seeking employment and whether plaintiff has committed fraud. Defendant requests that this court stay a decision on plaintiff's motion and allow the parties to conduct additional discovery. In the alternative, defendant

asks for denial plaintiff's motion.

I conclude that it would be helpful for the parties to conduct additional discovery and supplement their summary judgment materials before I consider the merits of plaintiff's motion. Accordingly, I will stay a decision on plaintiff's motion for approximately one month.

DISCUSSION

This case is closely related to another case involving the same parties. Skorychenko v. Tompkins, 08-cv-626-bbc. In that case, I granted summary judgment to plaintiff on her claim that defendant had failed to support her at 125 percent of the federal poverty level as required by an I-864 affidavit of support that defendant had executed on plaintiff's behalf. In addition, I explained that defendant's obligation under the affidavit would not cease unless (1) he dies; (2) plaintiff dies; (3) plaintiff becomes a United States citizen; (4) she departs the United States permanently; or (5) she is credited with 40 qualifying quarters of work. 8 U.S.C. § 1183a(c). Because the parties conducted discovery in that case, they should have in their possession a significant amount of information relevant to this case.

On the other hand, plaintiff has moved for summary judgment very early in this case, just four days after the preliminary pretrial conference. (The deadline for dispositive motions is October 8, 2010.) There are some factual issues in the present case that differ from the previous case, such as plaintiff's employment and income during the relevant time

period. In addition, defendant alleges that plaintiff has failed to mitigate her damages. Defendant should have an opportunity to conduct discovery on these factual issues and his defense. Moreover, as I explained to plaintiff in a previous order dated June 24, 2010, her summary judgment motion does not address of all of the claims in the case. Defendant has filed a counterclaim for fraud against plaintiff, and plaintiff's motion for summary judgment does not address that claim. Thus, even if plaintiff's motion for summary judgment is granted, the counterclaim would have to be adjudicated at some point. It will be more efficient to decide all of the legal disputes in this case at once, rather than piecemeal.

I will allow the parties an extension of time in which to conduct discovery and supplement their summary judgment materials. Plaintiff may have until September 8, 2010, in which to file a supplement to her summary judgment motion that addresses defendant's counterclaim for fraud. Defendant may have until September 22, 2010, in which to respond to plaintiff's motion and supplement. If plaintiff chooses to file a reply, it will be due September 29, 2010.

In submitting their additional summary judgment materials, both parties should address the preclusive effect that the judgment in the previous case may have on plaintiff's claim and defendant's counterclaim and defenses in this case.

ORDER

IT IS ORDERED that a decision on plaintiff Ludmyla Skorychenko Carlborg's

motion for summary judgment is STAYED. Plaintiff may have until September 8, 2010, in which to file supplemental materials to her summary judgment motion. Defendant Ernest Tompkins may have until September 22, 2010, in which to file a brief in opposition to plaintiff's motion. Plaintiff may have until September 29, 2010, in which to file a reply brief.

    Entered this 24th day of August, 2010.

                                            BY THE COURT:
                                            /s/
                                            BARBARA B. CRABB
                                            District Judge