IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUDMYLA SKORYCHENKO CARLBORG,

                      Plaintiff,

    v.

ERNEST TOMPKINS,

                      Defendant.

ORDER

10-cv-187-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On November 3, 2010, I granted plaintiff Ludmyla Skorychenko Carlborg's motion for summary judgment in this case, finding that defendant Ernest Tompkins failed to maintain plaintiff at an income of at least 125% of the federal poverty guidelines in violation of an I-864 affidavit of support.  On November 5, the clerk of court entered judgment in favor of plaintiff in the amount of $6,320.96.  Now plaintiff has filed a letter with the court stating that she would like to garnish the benefits that defendant receives from the Social Security Administration in order to satisfy the judgment.

      Plaintiff's request must be denied.  Social security benefits are not "transferable or assignable at law or equity" and are not "subject to execution, levy, attachment, garnishment, or other legal process," 42 U.S.C. § 407(a), except in specific, limited circumstances that do

1

not apply in this case. E.g., 42 U.S.C. § 659(a) (social security benefits may be garnished for payment of court-ordered child support). See also Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 382 (2003). Therefore, plaintiff may not initiate a garnishment proceeding to reach defendant's social security benefits.

ORDER

IT IS ORDERED that plaintiff Ludmyla Carlborg's motion to initiate garnishment proceedings against defendant Ernest Tompkin's social security benefits, dkt. #40, is DENIED.

Entered this 4th day of February, 2011.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

2